Gary ADKINS and Marilyn Adkins,
Plaintiffs–Appellants,

v.

UNITED STATES of America, United
States Postal Service,
Defendants–Appellees.

No. 89-3134.

United States Court of Appeals,
Eleventh Circuit.

March 22, 1990.

Steven C. Ruth, St. Petersburg, Fla., for plaintiffs-appellants.

Dennie I. Moore, Carl Douglas Thoresen, Asst. U.S. Attys., Tampa, Fla., for defendants-appellees.

Before KRAVITCH, Circuit Judge, RONEY*, Senior Circuit Judge, and ATKINS **, Senior District Judge.

PER CURIAM:

This case presents the question as to the amount of information a federal tort claimant must provide the Government in order to meet the "sum certain" notice requirement of 28 U.S.C.A. §§ 2401(b) and 2675(a). We affirm the judgment of the district court that in this case adequate notice was not given, and we incorporate the dispositive order of Chief District Judge George C. Carr as an Appendix.

The facts of this case do not furnish a base upon which this Court, if so inclined, could decide that our present rule is too stringent and should be relaxed to follow the lead of the Fifth Circuit. *See Martinez v. United States,* 728 F.2d 694 (5th Cir. 1984) (administrative claim sufficient where claimant stated damages were "in excess of $100,000"); *Williams v. United States,* 693 F.2d 555 (5th Cir.1982) (Government had actually been informed of amount sought by claimant in a prior state court suit). Neither does this case fit the prior Fifth Circuit cases, which are binding on this panel.[1] *Crow v. United States,* 631 F.2d 28 (5th Cir.1980) (although no sum certain listed, claimant's attorney submitted a letter which included an invoice

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (in banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

and inventory of items for which recovery was sought); *Molinar v. United States*, 515 F.2d 246 (5th Cir.1975) (claimant attorney's initial letter to the agency attached medical bills and repair estimates).

The district court noted that this Circuit takes a somewhat lenient approach to the "sum certain" standard. *See Tidd v. United States*, 786 F.2d 1565, 1567 n. 6 (11th Cir.1986). But the only notice that the Postal Service received within the two-year limit was a statement that plaintiffs would "later" file a claim for personal injuries. The attached accident report merely labelled the severity of their personal injuries —"incapacitating" as to Marilyn Adkins and "non-incapacitating" as to Gary Adkins—without providing any further details. Although promptly and specifically invited to do so by the Postal Service, plaintiffs provided nothing to the Government within the period prescribed by the statute that would have permitted a reasonable estimate of the value of their claim, or even a speculative guess as to the seriousness of their injuries. There was no evidence suggested as to why more certain information could not have been provided.

AFFIRMED.

## APPENDIX

## ORDER

GEORGE C. CARR, District Judge:

This case arises from a motor vehicle accident between the plaintiffs and a United States postal vehicle. The United States has filed a motion to dismiss or, in the alternative, a motion for summary judgment claiming that the Court does not have subject matter jurisdiction over the case. The plaintiffs have filed a motion for partial summary judgment on the same issue. The Court shall treat both motions as summary judgment motions and address them together.

Summary judgment is appropriate only when the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The bur-

den of establishing the absence of a genuine issue is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the burden extends only to facts that might affect the outcome of the suit under the governing law. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). Once this burden is met the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

The relevant facts are not in dispute. On June 19, 1985, a United States postal vehicle collided with a scooter driven by the plaintiff Gary Adkins. Ms. Marilyn Adkins was a passenger on the scooter. By letters dated July 1 and 2, 1985, counsel for the plaintiffs requested information from the Postal Service regarding its insurance coverage. In response, the Postal Service advised counsel that it was self insured. On November 25, 1985, the Postal Service received a Standard Form 95 (Claim for Damages, Injury and Death) from the plaintiffs. Although the form purported to be from both plaintiffs, only Mr. Adkins signed the form. The form claimed property damages of $1,712.37 and indicated that any claims for personal injuries would be filed later. By way of a letter dated December 12, 1985, the Postal Service informed plaintiffs' counsel that any claim arising from the accident should not be split between personal and property damages and that it would retain the case file until a claim was received for final settlement. Plaintiffs' counsel responded in a December 26, 1985 letter in which he discussed the plaintiffs' financial problems and the Postal Service's duty to mitigate plaintiffs' damages. The Postal Service then mailed plaintiffs a check for $1,508.85 along with a letter stating that "The enclosed check operates as a complete release of any claims against the United States Postal Service and against

the employee of the Government whose act and or omission gave rise to the claim by reason of the same subject matter."

The Postal Service received no further correspondence from the plaintiffs until December 2, 1987. At that time the Postal Service received a letter from the plaintiffs' counsel containing a copy of a letter dated August 11, 1987, placing a value of $85,-000.00 on the plaintiffs' personal injury claim. Finally, on April 4, 1988, the Postal Service received a second Standard Form 95 dated July 1, 1985 seeking damages in the amount of $400,000.00 for personal injuries and $1,508.45 for property damages. The plaintiffs filed this action on April 21, 1988, seeking a recovery for personal injuries sustained as a result of the accident.

The United States argues that this Court lacks jurisdiction over the case because the plaintiffs failed to file an appropriate notice of claim with the Postal Service within two years of the accident as required by Title 28 U.S.C. § 2401(b) and § 2675(a). § 2675(a) provides in pertinent part that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and shall have been finally denied by the agency in writing and sent by certified or registered mail....

§ 2401(b) establishes a two-year limitation period for filing such a claim with an agency. The two-year period runs from the time the claim accrues.[1]

The filing of a proper notice within the two year limitations period is a jurisdictional prerequisite to maintaining suit in federal court. *See Tidd v. United States*, 786 F.2d 1565 (11th Cir.1986); *Wardsworth v. United States*, 721 F.2d 503 (5th Cir.1983). A claimant meets the statutory standard if her notice (1) is sufficient to enable the agency to investigate and (2) places a "sum certain" value on her claim. *See Tidd*, 786 F.2d at 1567; *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.1980).[2]

Although this Circuit takes a somewhat lenient approach to the "sum certain" standard, *see Tidd*, 786 F.2d at 1567 n. 6., the plaintiffs clearly failed to place a value on their claim within the limitations period in this case. The only notice filed within the two year limitations period was the November 25, 1985 Standard Form 95 which simply stated that the plaintiffs would file a later claim for personal injury damages. The Postal Service promptly warned the plaintiffs that splitting their property and personal injury claims was impermissible. Nevertheless, an approximate two year silence ensued in which the plaintiffs did not contact the Postal Service. It was not until December 2, 1987, that the plaintiffs finally submitted a claim stating a sum certain. This claim was well after the two year deadline.[3] The record is void of any attempt by the plaintiffs to supply the Postal Service with this information prior to the elapse of the two year period.

The plaintiffs argue that because they never received a notice of final agency action pursuant to 28 C.F.R. § 14.9(a), a motion to dismiss for lack of jurisdiction is improper. However, an agency's failure to comply with the notice requirement of § 14.9 does not excuse the failure to submit a proper notice within the two year period prescribed by § 2401(b). *See eg.*

---

**1.** Here, it is undisputed that the plaintiffs' claim accrued on June 19, 1985, the date of the accident. The plaintiffs had until June 19, 1987, in which to file a proper claim with the Postal Service.

**2.** Because it was decided prior to October 1, 1981, *Adams* is binding precedent in this circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981).

**3.** The Court notes that the plaintiffs claim they sent a notice to the Postal Service on August 11, 1987. The Postal Service claims they never received that letter. This dispute is irrelevant to the issue at bar because notifying the Postal Service on August 11, 1987, would still not have complied with the two year deadline.

*Dyniewicz v. United States*, 742 F.2d 484 (9th Cir.1984) (holding that the Postal Service failed to comply with § 14.9, yet finding the plaintiffs' claim barred by the two year limitations period).

For the reasons stated above, the Court finds that the plaintiffs did not submit a proper notice of their claims within the two-year limitations period established by § 2401(b) and that the Court therefore lacks subject matter jurisdiction over this case. Accordingly, the United States' motion to dismiss or, in the alternative for summary judgment is GRANTED and the plaintiffs' motion for partial summary judgment is DENIED. The clerk is directed to enter judgment for the defendant and the case is hereby DISMISSED.