**Kenneth KELLEY, as personal representative of the Estate and individually as parent of Shawn O'Brian Kelley, Plaintiffs,**

v.

**The UNITED STATES of America and the Civil Air Patrol, Inc., Defendants.**

**Civ. A. No. 91–941–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

June 15, 1992.

Roger L. Young, De Manio & Young P.A., Sarasota, Fla., for plaintiffs.

Gary John Takacs, U.S. Attorney's Office, Middle District of Florida, Tampa, Fla., Robert G. David, Jr., U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, D.C., Colleen L. Conlin, Torts Branch, Civ. Div., for defendants.

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion for summary judgment, and Plaintiff's response thereto.

**FACTS**

The Plaintiff sued CAP, a federally chartered corporation, 36 U.S.C. §§ 201–208, and Pilot "John Doe" (known as Eugene

W. Mcknight), for damages under Florida's Wrongful Death Statute for the death of CAP Cadet Shawn Kelley.

On August 13, 1989, 18 year old cadet Shawn Kelley and two other cadets took a cadet orientation flight in St. Petersburg, Florida. The CAP flight, an Air Force authorized non-combat mission (10 U.S.C. § 9441(c)) crashed 3 miles west of St. Petersburg, killing all the occupants. The plane that Shawn Kelley was a passenger in was owned by Defendant CAP.

## STATEMENT OF THE CASE

Plaintiff, as personal representative of the Estate of Shawn Kelley, is bringing suit against Defendants CAP and the United States. Plaintiff's complaint alleges that Defendant CAP was negligent in operating and maintaining it's aircraft, and therefore the cause of the wrongful death of Shawn Kelly. Plaintiff is seeking the sustained loss of accumulation of net earnings, pain and suffering of the deceased, his mother and father, as well as all other damages allowable under the Florida Wrongful Death Statute.

## DISCUSSION

Defendant has moved for the Court to grant the motion for summary judgment on a number of grounds. Primarily, Defendant argues that the Court lacks subject matter jurisdiction because the Plaintiff failed to meet the statutory prerequisites under the Federal Torts Claim Act when suing the United States, and secondly, the Plaintiff is barred from any legal claims because it has received compensation for losses under the exclusive remedial Federal Employee Compensation Act.

Plaintiff responds that the Court has subject matter jurisdiction since the requirements of these federal statutes do not apply, and the basis of its claim arises from Florida Wrongful Death Statute § 95.-11(4)(d). Therefore, the first issue to be resolved by the Court is whether the action shall be governed by Florida statute or federal statutory law.

The CAP was created by an Act of Congress as a federally chartered corporation pursuant to 36 U.S.C. §§ 201–208. Further in 1943, the CAP became an official auxiliary of the U.S. Air Force, and governed by 10 U.S.C. § 9441. In 1980, Congress amended 10 U.S.C. § 9441(c) to expressly provide that for purposes of determining civil liability, including damages, the CAP and its members were to be considered "instrumentalities" of the United States while fulfilling non-combat missions for the Air Force. *Williamson v. Sartain*, 555 F.Supp. 487, 490 (D.Mont.1982). Notably, Plaintiff relies upon *Pearl v. United States*, 230 F.2d 243 (10th Cir.1956) in support of its proposition that CAP is not an instrumentality of the United States, and thus by this implication Plaintiff argues that the federal statutes do not govern the case at hand. The *Williamson* court cites *Pearl* as authority of the law prior to the 1980 amendment which granted CAP federal instrumentality status. Therefore, *Pearl* is clearly no longer on point with the current law in regards to the CAP being an federal agency of the United States. The Court has already determined on March 18, 1992, that as a result of 10 U.S.C. § 9441(c) CAP being a federal instrumentality of the United States, the substitution of the United States as a Defendant was proper and legally necessary under 28 U.S.C. § 2679(d)(1).

Suits against the United States, however, are only permissible if consented to by the United States. *Minnesota v. United States*, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939). The terms of such consent are usually located within selected federal statutes rather than state statutes such as Florida Wrongful Death Statute. The Florida statute fails to provide the essential consensual requirements in order for the Plaintiff to bring suit against the United States. Thus the Court, in following the strict standards of suing the United States, finds that the jurisdiction of this Court shall be determined under the parameters of the applicable federal law rather than state law.

The Federal Tort Claims Act provides the requirements for jurisdiction or bringing suit against the United States under cir-

cumstances similar to this case. 28 U.S.C. § 2675(a). This section provides that suits under FTCA against the United are allowed only if "the claimant shall have first presented a claim to the appropriate federal agency." FTCA 28 U.S.C. § 2401(b) establishes a two year limit period for filing the administrative claim with an agency. This Circuit has strictly construed that filing "proper notice" or claim within a two year period is a jurisdictional prerequisite to maintaining a suit against the United States in federal court. *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir.1991); *Adkins v. United States*, 896 F.2d 1324, 1327 (11th Cir.1990); *Tidd v. United States*, 786 F.2d 1565 (11th Cir.1986).

The filing of suit does not relieve the Plaintiff of the requirement to file the administrative claim. *Liveria v. First National State Bank of New Jersey*, 879 F.2d 1186 (3rd Cir.1989), *cert. denied*, 493 U.S. 937, 110 S.Ct. 332, 107 L.Ed.2d 322 (1989). A cause of action accrues at the time of the injury. *Mendiola v. United States*, 401 F.2d 695, 697 (5th Cir.1965).

CAP cadet Shawn Kelley was killed in the fatal CAP flight on August 13, 1989, and therefore, that was the date that Plaintiff's cause of action accrued. Plaintiff had until two years later, or August 13, 1991 to file its administrative claim to warrant a proper suit to claim damages. There is no evidence of sufficient documentation submitted to the Court which satisfies the Plaintiff's burden of filing an administrative claim within the required time period. The complaint is the only item by the Plaintiff on September 23, 1991, which was beyond the two year statute of limitations under the FTCA. Accordingly, the Court finds that the Plaintiff failed to establish its burden by not fulfilling the statutory prerequisites in order to bring suit against the United States, and therefore, the Court lacks subject matter jurisdiction over this case.

Defendant, the moving party for the summary judgment, asserts Plaintiff by receiving FECA compensation under 5 U.S.C. § 8141 (1983), should be barred from asserting any claim against the United States. Plaintiff responds it is not subject to Federal Statute regulations since CAP is not a federal employee and FECA is not applicable to the present case. The Court has already determined the Defendant to be a federal employee and an instrumentality of the United States, and therefore the federal statutes apply to determine the outcome in the present case.

FECA is a federal worker's compensation scheme established by Congress as an exclusive remedy for any federal employee, as broadly defined in 5 U.S.C. § 8191, who is acting within the scope of his employment in carrying out a federally authorized mission. In 1983 Congress amended 5 U.S.C. § 8141 (1983) to provide Civil Air Patrol Cadets serving on non-combat missions of the Department of the Air Force with FECA benefits. The law is clearly established that if FECA compensation is available to an employee of the government for sustaining an injury while acting in the performance of his duties, then FECA constitutes an exclusive remedy to the claimant. 5 U.S.C. § 8116(c); *Johansen v. United States*, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); *Williamson v. Sartain*, at 491. Specifically, if FECA is applicable to an injury sustained by a federal employee, the federal district court lacks jurisdiction over the subject matter of any action seeking recovery under federal statutes, like the FTCA, for those injuries. *Williamson*, at 491.

Cadet Shawn Kelly, at the time of his death, was a federal employee so his death was compensable under FECA. The Department of Labor has recently ruled that Cadet Kelley's death would be accepted for FECA coverage under 5 U.S.C. § 8141 (1983). The Court finds that it lacks subject matter jurisdiction since the Plaintiff is barred from bringing any claims against the Defendants based on the FECA compensation ruling.

Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat*

*v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir. 1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969).

The Court finds that the defendant, the moving party, has met its burden by establishing the Plaintiff's claim was deficient of a genuine issue as to a material fact. The Plaintiff's suit is invalid under the FTCA, is barred by FECA and thereby gives rise to the Court lacking subject matter jurisdiction. Therefore, the Court holds that the motion for summary judgment is granted.

Accordingly, it is

ORDERED that Defendant's motion for summary judgment is granted.

DONE and ORDERED.