**VAL–U CONSTRUCTION COMPANY OF SOUTH DAKOTA, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV 94–4121.**

United States District Court,
D. South Dakota,
Southern Division.

Sept. 29, 1995.

William G. Taylor, Jr., James E. Moore, Woods, Fuller, Shultz & Smith, Sioux Falls, SD, for Plaintiff.

Karen E. Schreier, U.S. Attorney, Bonnie P. Ulrich, Asst. U.S. Attorney, Sioux Falls, SD, for Defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

Plaintiff, Val–U Construction Company, was awarded a construction contract with the United States government, acting through the Rosebud Sioux Tribe as general contractor, pursuant to an agreement with the Indian Health Service [IHS], to build 66 staff quarter units to serve the newly completed IHS Hospital on the Rosebud reservation. On September 25, 1990, and before completion of the project, the Tribe terminat-

ed the contract with Val–U. Val–U brings this action under the Federal Tort Claims Act [FTCA] alleging breach of common law duty, breach of regulatory duty and breach of professional duty. Doc. 1. The government moves to dismiss on the grounds that (1) Plaintiff has pleaded a claim for interference with contract[1] which is exempted from the FTCA under 28 U.S.C. § 2680(h); (2) the actions of the Tribe were discretionary and, therefore, exempt from the FTCA under § 2680(a); or (3) the statute of limitations has run because Plaintiff failed to file its administrative claim with a sum certain within the two years prescribed by 28 U.S.C. § 2401(b). Doc. 6, 7. In the alternative, the government moves for summary judgment alleging there is no genuine issue of material fact requiring trial. Doc. 6 & 10.

The Court has addressed the issues presented in the following manner: the government pleads three exceptions to the FTCA in their motion to dismiss. The Court first examines whether this is a claim sounding in contract or in negligence. This is the threshold issue because the FTCA waives sovereign immunity only for negligence claims. I find that South Dakota recognizes a tort for negligent performance of a contract. Plaintiff chooses to bring a negligent performance claim rather than a breach of contract claim. Having passed the first hurdle, the Court then examines whether Plaintiff's negligence claim is barred by either the discretionary function exception or by the statute of limitations. I find that the claim is barred by the discretionary function exception. If the claim had not been barred by the discretionary function exception, the statute of limitations would bar the claim to the extent that it

fails to state a claim for a sum certain of more than $690,330.68.

## MOTION TO DISMISS

■ Subject matter jurisdiction is a threshold issue. *Kronholm v. FDIC,* 915 F.2d 1171, 1174 (8th Cir.1990). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action whenever the court lacks jurisdiction over the subject matter. The Eighth Circuit has stated the standards applicable to motions to dismiss:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of dispute material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Osborn v. United States,* 918 F.2d 724, 730 (8th Cir.1990); *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993).

## FEDERAL TORT CLAIMS ACT

■ The United States is immune from suit except to the extent that it consents to be sued. The FTCA permits suits (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission; (5) of any employee of the Government while acting within the scope of his office or employment;[2] (6) "under circumstances where

---

1. While the government's motion is phrased as interference with contract which is exempted from the FTCA by 28 U.S.C. § 2680(h), the government primarily characterizes Val–U's claim as sounding in breach of contract. Breach of contract claims are also excluded from the FTCA by virtue of the Tucker Act which places jurisdiction for contract claims in excess of $10,000 exclusively in the Court of Claims. 28 U.S.C. §§ 1346(a)(2) (1993); 1491(a)(1) (1994); 2680(h) (1994).

2. Under the Indian Self–Determination and Education Assistance Act (ISDEAA), the Rosebud Sioux Tribe is deemed an employee of the government for purposes of the FTCA:

> With respect to claims resulting from the performance of functions ... under a contract ... authorized by the Indian Self–Determination and Education Assistance Act ... an Indian tribe, tribal organization or Indian contractor is deemed hereafter to be part of the Bureau of Indian Affairs in the Department of the Interior ... while carrying out any such contract or agreement and its employees are deemed to be employees of the Bureau....

the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (1993). In sum, the FTCA is a waiver of sovereign immunity for cases sounding in tort, with certain exceptions enumerated by statute. 28 U.S.C. § 2680 (1994). The FTCA should be construed liberally to implement its broad purpose. *Indian Towing Co. v. United States,* 350 U.S. 61, 64–65, 76 S.Ct. 122, 124, 100 L.Ed. 48 (1955); *United States v. Yellow Cab,* 340 U.S. 543, 550, 71 S.Ct. 399, 404, 95 L.Ed. 523 (1951) ("Recognizing such a clearly defined breadth of purpose for the bill as a whole, and the general trend toward increasing the scope of the waiver of the United States of its sovereign immunity from suit...."). The exceptions to the waiver of sovereign immunity must be strictly construed. As the Supreme Court has stated:

Like a waiver of sovereign immunity itself, which must be "unequivocally expressed," "this Court has long decided that limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied."

*Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2701–02, 69 L.Ed.2d 548 (1981) (citations omitted).

## INTERFERENCE WITH CONTRACT

▇▇▇▇ The government argues first that this Court lacks subject matter jurisdiction because Val–U has brought a claim for interference with contract rights which is expressly exempted from the FTCA by 28 U.S.C. § 2680(h) (1994).[3] Val–U maintains it has pleaded a claim for negligence which may be maintained under the FTCA. First, only

*Comes Flying v. United States,* 830 F.Supp. 529, 530 (D.S.D.1993) (quoting ISDEAA, Pub.L. No. 101–512, Title III, § 314 (1990)).

3. The Court finds is advisable to stress the conceptual difference between a breach of contract between the two contracting parties, and interference with a contract to which a defendant is not a party. While one does not always make the distinction when speaking, legally, the two are separate theories with separate remedies. The government seems to be grouping both breach and interference under the § 2680(h) exception. The government's argument that this is essentially a breach of contract claim would not be less effective if it differentiated between breach and interference—breach of contract is not cognizable under the FTCA just as a interference with contract claim is not cognizable. However, this complaint pleads negligent performance of a contract which is a recognized tort in South Dakota. *See, i.e., L.R. Foy Construction v. S.D. State Cement Plant,* in which Justice Henderson discussed the availability of negligence actions when a contract established a duty of "proper care and acts and omissions in performance which may give rise to a tort liability." 399 N.W.2d 340, 350 (S.D.1987) (Henderson, J., concurring) (citing *Kunkel v. United Security Ins. Co. of N.J.,* 84 S.D. 116, 168 N.W.2d 723, 733 (1969); *Weeg v. Iowa Mut. Ins. Co.,* 82 S.D. 104, 141 N.W.2d 913, 916 (1966); *Smith v. Weber,* 70 S.D. 232, 16 N.W.2d 537, 539 (1944)).

As opposed to a breach of contract claim, the tort of interference with contract requires three parties—the parties to the contract and an interferer. *See Restatement (Second) of Torts* §§ 766, 766A, 766B & 766C. Section 766 deals with a defendant who interferes with a third party's performance of a contract between that third person and the plaintiff. Section 766A deals with a defendant who interferes with the plaintiff's performance of a contract between the plaintiff and a third person. Section 766B deals with a defendant who interferes with the future performance of either party to a contract between a plaintiff and third person. Finally, § 766C states that no liability is created for the negligent interference with the contractual relationship.

A survey of the case law discussing the § 2680(h) exception for interference with contract reveals that the courts tend to find interference with contract when there are three parties present. *Cooper v. American Automobile Ins. Co.,* 978 F.2d 602 (10th Cir.1992) (holding that government agency's negligent transmission of information to surety resulting in termination of surety bonds was barred as interference with contract); *Fort Vancouver Plywood Co. v. United States,* 747 F.2d 547, 554 (9th Cir.1984) (holding that the plaintiff's suit was not barred because plaintiff pleaded a suit in tort despite the fact that it involved a contract between plaintiff and the Forest Service for sale of timber which was destroyed by fire allegedly caused by Forest Service's negligent slash burn on adjacent site); *Dupree v. United States,* 264 F.2d 140 (3d Cir.), *cert. denied,* 361 U.S. 823, 80 S.Ct. 69, 4 L.Ed.2d 67 (1959) (holding that government's denial of a security clearance was interference with plaintiff's prospective contract for employment and barred by § 2680(h) exception); and *Mundy v. United States,* 983 F.2d 950, 953 (9th Cir.1993) (holding that plaintiff brought a suit for negligence even though the result of the negligence was plaintiff's loss of employment with a government contractor).

tort claims recognized under state law may be brought under the FTCA.[4] South Dakota recognizes a tort for negligent performance of a contract. *Limpert v. Bail,* 447 N.W.2d 48, 51 (S.D.1989). This tort for breach of the "common-law duty to perform with care, skill, reasonable expediency, and faithfulness," is separate from a claim for breach of contract.[5] *Id.* (quoting *Lincoln Grain, Inc. v. Coopers & Lybrand,* 216 Neb. 433, 345 N.W.2d 300, 305 (1984)). While the same set of facts may give rise to both breach of contract and negligent performance claims, any plaintiff is entitled to forgo one remedy in favor of another. As the Third Circuit stated:

> [The] complaint is a sufficient statement of a cause in tort for conversion, and it would seem that [Plaintiff] could have equally made out a complaint for breach of contract.... [Plaintiff] has chosen to prosecute its action on the basis of tort in the District Court. That it failed to avail itself of an action in the Court of Claims is not a valid jurisdictional objection.

*Aleutco Corp. v. United States,* 244 F.2d 674, 678–79 (3d Cir.1957). The requirement that "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred" is met in the instant case. 28 U.S.C. § 1346(b).

 Second, the Court must examine whether the liability claimed is created solely by the contractual relationship between the Plaintiff and United States or whether it exists independently. *Walsh v. United States,* 672 F.2d 746, 750 (9th Cir.1982) (finding duty to repair and maintain easement existed independently from the contract creating the easement and could be basis for claim under FTCA). As the Fifth Circuit has explained the relationship:

> Moreover, causes of action distinct from those excepted under section 2680(h) are

nevertheless barred when the underlying governmental conduct "essential" to the plaintiff's claim can be fairly read to "arise out of" conduct that would establish an excepted cause of action.

*McNeily v. United States,* 6 F.3d 343, 347 (5th Cir.1993) (citing *Atorie Air v. F.A.A.,* 942 F.2d 954, 958 (5th Cir.1991).

The government cites the Court to *Blanchard v. St. Paul Fire & Marine Ins. Co.,* a case with facts similar to this one, in which a contractor sued the government alleging that the government had wrongfully interfered with the performance of plaintiff's contract to remodel Air Force dormitories. 341 F.2d 351, 352 (5th Cir.), *cert. denied,* 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d 73 (1965). In *Blanchard,* the Fifth Circuit held that any claim that the government "hampered" Blanchard's performance of his contract was grounded in contract and fell within the exception to the FTCA. *Id.* at 357. *See also Woodbury v. United States,* 313 F.2d 291, 294 (9th Cir.1963) (holding that the substance of the claim against the government for failing to obtain financing for a contractor sounded in contract and that "the breach of contract, if any, was [not] a mere background for the tort.").

In *Mundy v. United States,* the Ninth Circuit held that a suit for the denial of a security clearance which resulted in the plaintiff being fired was not exempt under § 2680(h). The court wrote, "Even though the damages sought by Mundy are similar to those obtainable in an interference claim, the tortious wrong alleged in his complaint is the failure to process a security clearance with due care, not an interference with contract." 983 F.2d 950, 953 (9th Cir.1993).

In this case, it is true that there would be no tort liability absent the contractual relationship itself. I find that South Dakota recognizes a tort for the negligent performance of a contract. I further find that,

---

4. The choice of law differs for contract claims under the Tucker Act and tort claims under the FTCA. Federal law is applied to contracts involving the government. *United States v. Tharp,* 973 F.2d 619, 621 (8th Cir.1992). The FTCA applies state law. 28 U.S.C. § 1346(b).

5. The South Dakota Supreme Court seems to favor broadening the number of occasions in which a negligence action may be maintained. For example, in *Mid–Western Elec. v. DeWild, Grant Reckert & Assc. Co.,* 500 N.W.2d 250, 254 (S.D.1993), South Dakota recognized the tort of professional negligence for economic damage to parties outside a professional contract.

while Val–U might have pleaded breach of contract, Val–U has instead chosen to plead a failure to perform the contract with reasonable skill and care.[6] Both remedies were potentially available to Val–U and its preference for the tort remedy does not bar the suit under § 2680(h).

## DISCRETIONARY FUNCTION EXCEPTION

 The government's second argument for dismissal is that the actions of the Tribe in selecting project managers and overseeing their performance are excluded from the FTCA by the discretionary function exemption of 28 U.S.C. § 2680(a).[7] The discretionary function exception protects those acts which involve an element of judgment or choice, *United States v. Gaubert*, 499 U.S. 315, 321, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991), but only protects "governmental actions and decisions based on considerations of public policy." *Berkovitz v. United States*, 486 U.S. 531, 537, 108 S.Ct. 1954, 1959, 100 L.Ed.2d 531 (1988); *Gaubert*, 499 U.S. at 324, 111 S.Ct. at 1275 ("The focus of the inquiry is ... on the nature of the actions taken and on whether they are susceptible to policy analysis."). Only those judgments "grounded in the social, economic, or political goals of the statute and regulations are protected." *Gaubert*, 499 U.S. at 323, 111 S.Ct. at 1274. "[I]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984).

The Eighth Circuit stated the discretionary function analysis nicely in *McMichael v. United States:*

In examining the nature of the challenged conduct, we are instructed to first consider whether the action is a matter of choice for the acting employee; conduct cannot be discretionary unless it involves an element of judgment or choice. Thus, the exception is not applicable when a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow.

If the challenged conduct does, however, involve an element of judgment, we must then determine whether that judgment is of the kind that the discretionary function exception was designed to shield. As stated in *Varig Airlines*, the basis for the exception was Congress' desire to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."

856 F.2d 1026, 1031–32 (8th Cir.1988) (*McMichael II* ) (citations omitted).

Looking first at the choice or judgment involved in the challenged conduct, Val–U frames its first claim, breach of common law duty, around the allegedly negligent acts of the Tribe. Their second claim, breach of regulatory duty, is framed around the allegedly negligent supervision of the Tribe by the government. The third claim alleges negligent acts by tribal employees. Because this is an action against the United States, and the acts of its employees acting within the scope of their employment are imputed to the government, the Court will examine the complaint in light of the conduct rather than in light of the actor. The allegedly negligent conduct may be characterized as: (1) negligent hiring and firing of various project managers and negligent firing of Val–U itself, and (2) negligent performance of the duties created by the contract.

 Val–U's allegations of negligent hiring and firing do not survive the discretionary function inquiry. Val–U alleges negli-

---

6. The complaint alleges that, in addition to other acts, the Tribe refused to approve pay requests and change orders, failed to perform inspections in a timely manner, rejected materials and workmanship, and informed suppliers and others that Plaintiff was not meeting its contractual obligations. Doc. 1 at XI(c), XIII.

7. The FTCA excludes any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (1994).

gent firing of project manager Ed Jacobson and negligent hiring of replacement project managers Michael Atwell and Norman Wilson. Doc. 1 at ¶ XI(A) & (B). The case law clearly demonstrates that selection and/or replacement of employees or contractors requires choice and/or judgment, and falls within the discretionary function exception to the FTCA. As the Eighth Circuit stated in a case involving the allegation of negligent hiring of a postal employee:

> [A]llegations of negligent hiring cannot survive the discretionary function inquiry. The ... choice between several potential employees involves the weighing of individual backgrounds, office diversity, experience and employer intuition. These multi-factored choices require the balancing of competing objectives and are of the "nature and quality that Congress intended to shield from tort liability."

*Tonelli v. United States,* 60 F.3d 492, 496 (8th Cir.1995) (quoting *Varig Airlines,* 467 U.S. at 813, 104 S.Ct. at 2764).

■ Similarly, Val–U alleges that the Tribe was negligent in firing Val–U as the contractor for the § 638 contract. Doc. 1 at XI(E). As with hiring and firing employees, the ability of a general contractor, owner or agency to select other contractors to complete the contract clearly falls within the discretionary function exception. In *Layton v. United States,* the Eighth Circuit held that the selection of a contractor to cull trees by the Forest Service was necessarily a discretionary function, stating, "This choice is grounded in policy since the contracting officer considers bidders' expertise, their safety records, and the amount of their bids in making the selection." 984 F.2d 1496, 1502.

Likewise, "Deciding to award a government defense contract to a particular manufacturer involves weighing various facts and policies and this is discretionary in nature." *McMichael v. United States,* 751 F.2d 303, 307 (8th Cir.1985) (*McMichael I*) (concluding that discretionary function exception did not apply when government failed to follow a 51–step procedures review checklist, which mandated that "they had a number of precise inspections to perform which involved no judgment concerning agency policy"—although *McMichael I* is very probably driven by its extreme facts).

■ Val–U's allegations of negligent performance include allegations that the government was negligent in "failing to supervise and control performance of the contract." Doc. 1 at XII. Val–U's also asserts that the Tribe and the project managers were negligent in their supervision of the contract. Doc. 1 at XI(C) & XIII. Under the first prong of the discretionary function analysis, Val–U makes no showing that the Tribe's actions violate a specific statute or regulation or are anything other than actions involving "an element of judgment or choice." *Kane v. United States,* 15 F.3d 87, 88 (8th Cir.1994). The government correctly places the burden of proving that the acts complained of fall outside the discretionary function exception on the plaintiff. *Gaubert,* 499 U.S. at 324–35, 111 S.Ct. at 1275. Val–U does not allege that the Tribe failed to act in accordance with any mandatory directive. In the absence of any reference to, or showing of, a contract clause, statute nor regulation requiring specific acts of supervision, I must find that oversight of the contract was left to the Tribe's discretion.[8]

8. Plaintiff references the ISDEAA of 1975 and cites the Court to several provisions of 25 U.S.C. § 450, *et seq.*, which are sufficient to plead an action under Fed.R.Civ.P. 8(a) and to state jurisdiction. However, the discretionary function analysis requires a more particular showing with regard to the regulatory scheme allegedly violated. Neither the complaint, Doc. 1, nor Plaintiff's Brief in Opposition to Motion to Dismiss, Doc. 8, "allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert,* 499 U.S. at 324–25, 111 S.Ct. at 1274–75. The Act itself provides that approval of a self-determination contract requires that the contract include:

> the standards under which the tribal organization will operate the contracted program, service, function, or activity, including in the area of construction, provisions regarding the use of licensed and qualified architects, applicable health and safety standards, adherence to applicable Federal, State, local, or tribal building codes and engineering standards. The standards referred to in the preceding sentence shall ensure structural integrity, accountability of funds, adequate competition for subcontracting under tribal or other applicable law,

■ Second, I find that this self-determination contract is firmly grounded in the "social, economic, [and] political goals of the statute." *Gaubert,* 499 U.S. at 323, 111 S.Ct. at 1274. The stated purpose of the Indian Self–Determination and Education Assistance Act is to assure "maximum Indian participation in the direction ... of services to Indian communities," 25 U.S.C. § 450a(a) (1983), through "effective and meaningful participation by the Indian people in the planning, conduct, and administration of those programs and services." 25 U.S.C. § 450a(b) (Supp.1995). It is clear that Congress intended to grant the Tribe discretion in all areas of contracting—from planning to supervision. 25 U.S.C. § 450 (1983) (stating Congress' finding that the Federal government has deprived Indian people of "an effective voice in the planning and implementation of programs for the benefit of Indians...."). And, "if a regulation allows the [Tribe] discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *Gaubert,* 499 U.S. at 324, 111 S.Ct. at 1274. The second prong of the analysis is also met and the discretionary function exception bars this suit.

## SUMS CERTAIN IN AN ADMINISTRATIVE TORT CLAIM

The government's third ground for dismissal is that Val–U's claim is barred by the two-year statute of limitations of 28 U.S.C. § 2401(b). Val–U's original claim, presented to the Department of Health and Human Services and dated September 1, 1992, requests damages in the amount of "$698,330.68 together with interest at the statutory rate from and after September 1990, and for damages in the amount of judgments plus accruing interest taken against Val–U Construction." Doc. 11, Ex. 1 at XVII, XV. HHS determined that the claim failed to state a sum certain as required by 28 C.F.R. § 14.2(a) (1994).[9] Doc. 11 at Ex. 2. Val–U's counsel then informed HHS by letter dated June 22, 1993, "I have calculated the amount indicated in paragraph XV, consisting of damages to Val–U Construction Company plus accruing statutory interest, plus all judgments taken against it, plus accruing statutory interest on the judgments, as $1,484,227.10." The government argues that HHS was not notified of this sum certain within the two-year statutory limitations period of 28 U.S.C. § 2401(a) (1994), and the claim is, therefore, barred. Val–U argues that its claim should be allowed because Val–U provided the government with all of the information it had in its September 1992 claim, and simply added the figures to reach the $1,484,277.10 amount. If the figures supplied in the September 1992 claim are sufficient for the government to know its maximum exposure on this claim, Val–U's claim is not barred by the statute of limitations. If the presentment of a claim requires a "total" or single figure, which Val–U did not provide until June 1993, the claim is barred.

■ As an exception to the FTCA and its waiver of sovereign immunity, the sum certain requirement of § 14.2(a) must be strictly construed. *Lehman,* 453 U.S. at 161,

---

the commencement, performance, and completion of the contract, adherence to project plans and specifications (including any applicable Federal construction guidelines and manuals), the use of proper materials and workmanship, necessary inspection and testing, and changes, modifications, stop work, and termination of the work when warranted.
25 U.S.C. § 450f(a)(2)(E) (Supp.1995).

The Court does not know what the Tribe was required to do under the terms of this contract. Plaintiff has not given the Court a single specific instance whereby I could find that the Tribe was negligent in failing to follow a mandatory procedure. I must, therefore, find that the actions of the Tribe were discretionary and fall within the

exception to the FTCA. It should be noted that the contract in its entirety has not been made a part of this record.

9. The presentment requirements for an administrative tort claim are:

For purposes of the provisions of 28 U.S.C. § [2675], a claim shall be deemed to have been presented when a Federal agency receives from a claimant, ... written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident....
28 C.F.R. § 14.2(a) (1994).

101 S.Ct. at 2701–02; *Melo v. United States*, 505 F.2d 1026, 1028 (8th Cir.1974) ("A corollary to the immunity doctrine is the rule that the United States may define the conditions under which actions are permitted against it."). The filing of an administrative claim is one of two jurisdictional prerequisites to filing a suit under the FTCA. *Farmers State Savings Bank v. FmHA*, 866 F.2d 276, 277 (8th Cir.1989). The Eighth Circuit has held that the notice requirement for filing a claim is met if a claimant "provides in writing (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought[.]" *Id.* Sufficient information for administrative investigation requires "the identity of the claimants, and the nature of the claims." *Id.*

The Eighth Circuit has addressed the issue of sum certain twice. In *Melo v. United States*, the Court of Appeals held that the failure to state any amount in an administrative claim failed to meet the requirements of the FTCA. 505 F.2d at 1029 & n. 1. In *Lunsford v. United States*, the court dismissed a class action that failed to state a total amount of damages claimed for the entire class or in which each individual member of the class failed to satisfy all of the jurisdictional requirements. 570 F.2d 221, 227 (8th Cir.1977).[10]

With one exception, the remaining circuit courts that have addressed the issue are unanimous in dismissing administrative claims which state no sum certain for failure to exhaust administrative remedies.[11] *Melo*, 505 F.2d at 1029. *See, i.e., Glarner v. United States*, 30 F.3d 697, 700 (6th Cir.1994) (finding statement by claimant that "I feel that I am entitled to compensation as a result of this negligence" insufficient as sum certain);

*Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir.1994) (filing of claim without stated amount because claimant's back condition was uncertain did not meet jurisdictional requirements as the claim could have been amended through the procedures provided by 28 U.S.C. § 2675(b) and 32 C.F.R. § 750.28); *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir.1994) (finding claim that damages were "unliquidated" insufficient); *Kokaras v. United States*, 980 F.2d 20, 22 (1st Cir.1992) (finding statement that damages were "to be determined" and submitting duplicative, incomplete and unorganized bills relating to incident insufficient to state sum certain); *Cizek v. United States*, 953 F.2d 1232, 1234 (10th 1992) (finding claim for "ongoing" personal injury insufficient as sum certain); *Adkins v. United States*, 896 F.2d 1324, 1325 (11th Cir.1990) (finding notice that claimants would file claim for personal injuries "later," accompanied by accident report stating injuries were "incapacitating" and "non-incapacitating" insufficient to state a sum certain); *Burkins v. United States*, 865 F.Supp. 1480, 1491 (D.Colo.1994) (finding request that "all benefits be provided as such separation of duty allows" insufficient as statement of sum certain).

At issue in this case is whether Val–U's failure to total the damages listed in its administrative claim within the statutory limitations period denies this Court subject matter jurisdiction. Those courts which have reached the issue of how precisely stated a sum certain must be have almost uniformly permitted a claim, albeit in amended form, when some figure has been stated. For example, in *Corte–Real v. United States*, the First Circuit held that the denial of a claim which stated the sum of "$100,000 plus be-

---

10. *Lunsford v. United States* was a FTCA claim brought against the United States for negligence in experimental cloud seeding by the heirs and representatives of persons who died or lost property in the 1972 Rapid City, South Dakota, flood. 570 F.2d 221 (8th Cir.1977). One of the class representatives failed to file an administrative claim prior to bringing the class action under the FTCA. The Eighth Circuit stated that "the named plaintiffs who satisfied the administrative exhaustion requirement may still proceed with their cause of action." *Id.* at 224.

11. The one exception is the Fifth Circuit which construes the requirements for a sum certain liberally. *Adkins v. United States*, 896 F.2d 1324, 1324 (11th Cir.1990). For example, in *Williams v. United States*, 693 F.2d 555, 558 (5th Cir. 1982), the Fifth Circuit held that the sum certain requirement had been met by the filing of a prior state court complaint. Interestingly, the Eleventh Circuit has distinguished Fifth Circuit case law with holdings similar to *Williams* despite the fact that those Fifth Circuit cases are binding on the Eleventh Circuit. *Adkins*, 896 F.2d at 1324–25.

cause still treating and out of work" as the amount of claim attributable to personal injury and "$100,000" as the total amount of the claim was "bureaucratic overkill" and that the government should have stricken the surplus wordage to save the claim. 949 F.2d 484, 486 (1st Cir.1991). The court found it significant that the claimant had stated his "total" "unequivocally," [12] citing cases from other circuits which "likewise held that improper qualifying language added to a claim for damages need not invariably defeat the claim." *Id.* at 487 (citations omitted). *See Kokaras*, 980 F.2d at 22 (denying a FTCA claim for personal injury which stated "to be determined" without giving a monetary amount, but preserving a claim for property damage stated as a precise figure). *See also Adams v. United States*, 807 F.2d 318, 321 (2d Cir.1986) (finding a claim "in excess of $1,000.00" met the sum certain requirement for a claim of $1000.00, regardless of accompanying complaint requesting $4,000,000.00 in damages); *Rucker v. United States*, 798 F.2d 891, 893 (6th Cir.1986) (finding that listing of sum certain as "in excess of $10,000 $450,000" was a demand for $450,000 in damages); *Erxleben v. United States*, 668 F.2d 268, 273 (7th Cir.1981) (finding stated sums and the qualifier "presently" were sufficient as sum certain); *Industrial Indemnity Co. v. United States*, 504 F.Supp. 394, 397 (E.D.Cal. 1980) ("The plaintiff did in fact specify a sum certain in the claim and the insertion of additional language by reason of the asterisk will be treated as mere surplusage."); *Fallon v. United States*, 405 F.Supp. 1320, 1322 (D.Mont.1976) (finding claim for "approximately" $15,000 sufficient to meet the requirement of a sum certain).

I find the cases which salvage a claim when a sum certain can be determined persuasive. For example, in *55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, the District Court in New York held that a claim did not fail as notice of a claim because the requested relief was for

> either response costs pursuant to CERC-LA or otherwise, their costs of site investigation, removal, and remediation of approximately $609,100 plus such response costs as 55 Motor may be required to bear in the future....

885 F.Supp. 410, 417 (E.D.N.Y.1994). The court held the relief requested in the administrative claim was limited to $609,100, as stated in the complaint ultimately filed in the action which accompanied the claim. *Id.* at 417–18.

 As the Sixth Circuit has noted, "The manifest purpose of the sum certain requirements [sic] of § 2675 is to ensure that federal agencies charged with making an initial attempt to settle tort claims against the United States are given full notice of the government's potential liability." *Allgeier v. United States*, 909 F.2d 869, 878 (6th Cir. 1990) (citations omitted).[13] In keeping with the strict notice requirements for filing an administrative claim, I find that Val–U's administrative claim, which requests damages in the amount of "$698,330.68 together with interest at the statutory rate from and after September 1990, and for damages in the amount of judgments plus accruing interest taken against Val–U Construction," fails to state a sum certain in excess of $698,330.68. Val–U's administrative claim lists various judgments obtained against the construction company as well as several amounts still owed under the contract which total some $463,614.26. *See* Doc. 11, Ex. 1 at ¶¶ XIII and XIV. Val–U later claims damages in the amount of $698,330.68. Doc. 11, Ex. 1 at ¶ XV. The two amounts do not correlate. It was only after reading Val–U's complaint, filed 19 months after the administrative claim, that the Court was able to determine that the $698,330.68 figure is the stated value of the work Val–U performed, but for which

---

12. The court wrote that "the present submission was adequate to meet the sum certain requirement given, in particular, the unqualified $100,-000 in the 'TOTAL' box." 949 F.2d at 487.

13. Congress' stated purpose for the sum certain requirement is "to ease court congestion and avoid unnecessary litigation, while making it pos-

sible for the government to expedite the fair settlement of tort claims asserted against the United States." *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir.1980) (quoting S.Rep. No. 1327, 89th Cong., 2d Sess. *reprinted in* U.S.Code Cong. & Ad.News at 2515–16).

it was not paid.[14] Doc. 1 at XVI. I find it impossible for HHS to have been put on notice that Val–U's claim totaled $1,484,-227.10 from the information provided in the filings prior to the expiration of the statute of limitations.[15] Therefore, Val–U's FTCA claim is barred by the statute of limitations of § 2401(b) to the extent that it states a claim for more than $698,330.68. The claim with the sum certain of $698,330.68, is not barred by the statute of limitations as it was filed within the two-year limitations period of § 2401(b).

Because the government's motion to dismiss is granted on the ground that this action is barred by the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a), the Court does not reach the question of summary judgment as the Court lacks subject matter jurisdiction to entertain this action. Accordingly,

IT IS ORDERED: that the United States Motion to Dismiss, Doc. 6, is granted, and the complaint is dismissed with prejudice. The United States Motion for Summary Judgment, Doc. 6, is denied as moot.

### JUDGMENT

In accordance with the Court's Memorandum Opinion and Order filed this date with the Clerk, Defendant's Motion to Dismiss is granted, and

IT IS HEREBY ORDERED that judgment shall be entered for Defendant and against Plaintiff, with prejudice.

---

14. In addition, Val–U requested interest at the statutory rate in its administrative claim but failed to state what that rate is or even provide HHS with the proper citation to S.D.C.L.

15. The plain language of the statute requires that agency have notice, which includes a sum certain, within the two-year statutory period. 28 U.S.C. §§ 2401(b), 2675(a); 28 C.F.R. § 14.2(a); *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir.1990) ("Although this Circuit takes a somewhat lenient approach to the 'sum certain' standard, the plaintiffs clearly failed to place a value on their claim within the limitations period in this case." (citation omitted)). The regulations do provide for amendment of a claim "at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(a)." 28 C.F.R. § 14.2(c) (1994). In addition, a stated sum certain may be increased when the "increased amount is based upon newly discovered evidence not reasonably discoverable at the time of the presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). There is no similar restriction on decreasing a sum certain. 28 U.S.C. § 2675(b); *FGS Constructors, Inc. v. Carlow*, 823 F.Supp. 1508, 1513 (D.S.D.1993).