**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICIA WADDELL,
Plaintiff-Appellant,

v.                                                             No. 95-3143

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Richard B. Kellam, Senior District Judge.
(CA-94-817-2)

Argued: June 5, 1996

Decided: June 24, 1996

Before WILLIAMS and MOTZ, Circuit Judges, and CURRIE,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Timothy T. Blank, LOWELL A. STANLEY--
ATTORNEY AT LAW, Norfolk, Virginia, for Appellant. Michael
Anson Rhine, Assistant United States Attorney, Norfolk, Virginia, for
Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Nor-
folk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this case, Patricia Waddell appeals the district court's finding in favor of the United States that Thomas J. Reed, a boatswain mate for the Military Sealift Command, was acting within the scope of his employment when his vehicle collided with her on the Norfolk Naval base.

I.

On December 11, 1992, at about 8:15 in the morning, Waddell, a civilian employee for the federal government, was walking on Pier 4 of the Norfolk Naval Base when she was hit by a 1988 Ford Ranger pick-up truck. The driver of the truck, Thomas Reed, was a civilian employed as a boatswain mate for the United States Navy. At the time of the accident, Reed, who had been recently transferred from the U.S.N.S. GRUMMAN to the U.S.N.S. KANAWHA, was using his personal vehicle to move his belongings from one ship to the other. Reed testified that when his shift began at 8:00 a.m., his supervisor "told" him to drive his car to the GRUMMAN, "pick up [his] things and return back to the ship [the KANAWHA]". Reed's belongings consisted mostly of work clothes, safety shoes, toiletries, a television, a stereo and some other items that he needed in order to begin work. After having loaded these items onto his truck, Reed backed out of his parking space into Waddell.

Waddell filed for and received workers compensation benefits pursuant to the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 et seq. She also filed an action against Reed for injuries in state court. The United States Attorney for the Eastern District of Virginia certified that Reed was acting within the scope of his employment for the United States and removed the case from the Norfolk Circuit Court to the Eastern District of Virginia. Once the case was

2

removed, the United States was substituted as a defendant for Reed. The United States then moved to dismiss the action, arguing that the district court lacked jurisdiction over Waddell's claim because she had already received compensation from the government under the FECA. The district court accepted the Attorney General's certification as conclusive evidence that Reed had been acting within the scope of his employment for the United States and that the United States was therefore the proper defendant in the action. The court then granted the government's motion to dismiss.

On appeal, this court stayed the matter, pending the Supreme Court's decision in Gutierrez De Martinez v. Lamagno, ___ U.S. ___, 115 S. Ct. 2227 (1995). In Lamagno, the Supreme Court held that "the Attorney General's certification that a federal employee was acting within the scope of his employment . . . does not establish as correct the substitution of the United States as defendant in place of the employee." Id. at 2236. After the Supreme Court issued its opinion, we remanded to the district court for a specific finding as to whether Reed had been acting within the scope of his employment at the time of the accident.

On remand, the district court permitted Waddell to take Reed's deposition. Waddell then filed a motion for summary judgment maintaining that the undisputed facts demonstrated that Reed had not been acting within the scope of his employment when he backed into Waddell. Following a hearing on the matter, the district court concluded that since the parties "agreed that no other evidence is required to determine the scope of employment issue, and that no disputes exist as to genuine issues of material fact, the matter is ripe for determination." The district court then denied Waddell's motion for summary judgment. However, exercising its discretion to grant summary judgment to the non-moving party, the district court granted summary judgment to the United States. See 6 James W. Moore et al., Moore's Federal Practice, ¶ 56.12 at 56-162 (2d ed. 1996) (citing cases).

II.

The district court clearly and carefully set forth the basis for its holding that the undisputed facts demonstrated that Reed was acting within the scope of his employment when he backed into Waddell.

3

We affirm that conclusion for the reasons stated in the district court opinion. See Waddell v. United States, C.A. No. 2:94cv817 (E.D. Va. Oct. 6, 1995).

Upon reaching this conclusion, however, the district court should have dismissed the case for lack of subject matter jurisdiction because Waddell had already received benefits under the FECA. See Hanauer v. Reich, 82 F.3d 1304, 1309 (4th Cir. 1996) ("[If] the Secretary did not violate a clear statutory mandate [in determining the FECA claim], the case must be dismissed for lack of subject matter jurisdiction."); Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) ("FECA would therefore clearly bar an FTCA suit .. . ."); Doe v. United States, 914 F. Supp. 945, 949 (W.D.N.Y. 1996) ("Where FECA applies, the federal courts have no jurisdiction to entertain FTCA claims asserted by injured parties."); Kelley v. United States, 792 F. Supp. 793, 795 (M.D. Fla. 1992) ("[If] FECA is applicable to an injury sustained by a federal employee, the federal district court lacks jurisdiction over the subject matter of any action seeking recovery under federal statutes, like the FTCA, for those injuries."), aff'd, 987 F.2d 774 (11th Cir. 1993). Accordingly, we vacate the grant of summary judgment and remand to the district court with instructions to dismiss this action for lack of subject matter jurisdiction.

VACATED AND REMANDED