James L. TIDD, Administrator of the Estate of Cordia C. Robinson, deceased, et al., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 85–7355.

United States Court of Appeals, Eleventh Circuit.

April 22, 1986.

Anthony L. Cicio, Rodney R. Nolen, Cicio & Nolen, Birmingham, Ala., for plaintiffs-appellants.

**1566**

Kenneth E. Vines, John C. Bell, Asst. U.S. Attys., Montgomery, Ala., for defendant-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

This appeal presents the need to interpret the reach of our holding in *Adams v. United States*, 615 F.2d 284 (5th Cir.), *clarified on reh'g*, 622 F.2d 197 (1980).[1] The appellant appeals the district court's dismissal of this Federal Tort Claims Act case for lack of jurisdiction. The district court determined that the appellant's defective notice of claim form failed to provide adequate prior notice to the appropriate federal agency, thereby divesting the court of jurisdiction over the subsequent suit. We affirm.

This action stems from injuries suffered by Cordia C. Robinson after she allegedly received a swine flu vaccine in 1976. Subsequent to her inoculation, Ms. Robinson encountered a loss of speech and paralysis to her extremities that was ultimately diagnosed as Guillans-Barre syndrome, which may have developed due to the vaccine. On August 4, 1978, she filed a Standard Form 95 Claim For Damage, Injury Or Death with the Department of Health, Education and Welfare (HEW). In that form she alleged personal injuries in the amount of $850,000 and designated the "accident" as having occurred in Maylene, Alabama, on December 5, 1976, at an unknown time. No other information as to the circumstances surrounding Ms. Robinson's inoculation was provided in that form.

Ms. Robinson's attorney was notified that additional information was needed before a decision could be made as to the claim, such as the exact location of the inoculation and any medical reports as to her condition. After receiving no response, the Justice Department[2] again requested this information observing that it had authority to do so under 28 C.F.R. § 14.4 and that a failure to comply would result in the jurisdictional requirement of filing an administrative claim under 28 U.S.C. § 2675(a) not having been met. Ms. Robinson's attorney responded by indicating in a letter dated March 17, 1980, that Ms. Robinson had received her vaccine from a county nurse at a clinic in Vestavia, Alabama, and that his client was unable to provide the remaining information due to her condition. In three different letters from May to July of 1980, the Justice Department again requested the information noting that it had been unable to verify Ms. Robinson's claim, as the only clinic conducted in Vestavia, Alabama occurred in November of 1976. Ms. Robinson's counsel responded with virtually the same uninformative response on July 15, 1980. After another unsuccessful request for information by the Justice Department on July 31, 1980, the "claim" was denied on April 25, 1983, with express reservation of the right to challenge the validity of the claim in any further proceedings.

Ms. Robinson then brought suit in federal district court seeking relief for her injuries under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–80. In her complaint, she alleged problems stemming from a swine flu vaccination received on October 21, 1976, in Jefferson County, Alabama. The defendant moved for summary judgment contending that Ms. Robinson's failure to file an adequate Form 95

---

1. As a decision of the Fifth Circuit rendered prior to October 1, 1981, *Adams* is binding precedent in this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

2. Ms. Robinson's claim form was originally filed with the appropriate federal agency, HEW. The matter was referred to the Department of Justice, which handled all further dealings with her counsel.

precluded the district court from having jurisdiction over her case. The district court agreed and found that it lacked jurisdiction.

On appeal, both the appellant[3] and the appellee agree that *Adams v. United States*, 615 F.2d 284 (5th Cir.), *clarified on reh'g*, 622 F.2d 197 (1980), provides the standard of law applicable here, but disagree as to the reach of that precedent. *Adams* was a FTCA case brought by the parents of a child allegedly harmed by negligent care provided by Air Force surgeons. His parents supplied a proper Form 95 setting forth the basis for the claim, but the Air Force subsequently sought additional information to be used in its settlement procedures promulgated pursuant to § 2672.[4] Specifically, the Air Force sought compliance with 28 C.F.R. § 14.4(b), which requires a personal injury claimant to document his claim by providing the relevant agency with substantial information, such as reports by attending physicians, itemized bills for treatment, and lost income statements. The parents failed to comply with § 14.4(b), and the district court dismissed their later FTCA suit for failure to provide the information sought by the Air Force under this regulation.

■ On appeal, the Fifth Circuit observed that 28 U.S.C. § 2675(a) establishes the filing of a proper notice of claim with the appropriate federal agency as a jurisdictional prerequisite to maintaining a FTCA suit under 28 U.S.C. § 1346(b).[5] A proper notice of claim under the statute occurs where the claimant "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." 615 F.2d at 289. Once that prerequisite has been complied with, any further obligation on the part of a claimant ceases. Although a claimant has an obligation to give *notice* of a claim under § 2675, he or she does not have an obligation to provide further information to assist *settlement* of the matter. In the words of the *Adams* court,

An agency's demand for anything more than a written and signed statement setting out the manner in which the injury was received, enough details to enable the agency to begin its own investigation and a claim for money damages is unwarranted and unauthorized.

\* \* \* \* \* \*

A federal court's power to adjudicate a tort claim brought against the United States depends solely on whether the claimant has previously complied with the minimal requirements of the statute. 28 U.S.C. § 2675. Federal court power does not depend on whether a claimant has successfully navigated his or her way through the gauntlet of the administrative settlement process, which, according to the vagaries of the claims agent, may touch picayune details, imponderable matters, or both.

615 F.2d at 292.

■ The primary question in this appeal, therefore, is whether the Form 95 filed on behalf of Cordia Robinson met the statutory standard of giving proper notice under § 2675 as set forth in *Adams*. There can be no dispute that the second half of *Adams'* two-prong test—whether the claimant placed a value on her claim—was satisfied by the statement in her Form 95 seeking damages of $850,000.[6] The appellee vigor-

---

**3.** During the course of the proceedings below, Ms. Robinson died, and her administrator James L. Tidd was substituted in her stead.

**4.** 28 U.S.C. § 2672 provides that the head of each federal agency may settle monetary claims for personal injury or death caused by an employee of the agency in accordance with regulations prescribed by the Attorney General governing settlement. Settlement regulations have been promulgated by the Attorney General at 28 C.F.R. §§ 14.1–14.11.

**5.** Section 2675(a) provides in part:
An action shall not be instituted upon a claim against the United States for money damages ... for injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency....

**6.** This circuit has taken a somewhat lenient approach to the "sum certain" requirement holding, for example, that even where a claimant had not specifically stated the value of the claim, attaching medical bills and repair estimates to the claim notice could suffice. *See*

ously contends, however, that the first *Adams* prong was not satisfied—that the notice was not sufficient "to enable the agency to investigate" the claim. We agree.

The Form 95 filed for Ms. Robinson in 1978 provided HEW with three, and only three, pieces of information relevant to the claim: that she received a swine flu vaccination resulting in injury; that the vaccine was received on December 5, 1976; and that the location of the clinic where the vaccine was received was Maylene, Alabama. By her own account, the latter two assertions are incorrect.[7] The time of the incident was not provided, nor were there any other pieces of information or details concerning the incident that might serve as distinguishing factors or leads for the Justice Department to pursue, such as the name of a county program or private service providing the inoculation. What we essentially are faced with here is a Form 95 that provided only the name of the claimant and the general nature of her alleged injury, nothing more. While we recognize the requisite jurisdictional notice under § 2675 as "minimal," the purpose of that notice is to "promptly inform the relevant agency of the circumstances of the accident so that it may investigate the claim and respond either by settlement or defense." *Adams*, 615 F.2d at 289. Tort actions, like here, often are based upon theories of liability such as vicarious and strict liability, breach of warranty, and failure to warn. Potential defenses often include intervening cause, contributory negligence, and assumption of the risk. For an agency to be able to initiate an investigation into a tort claim in light of such considerations, it must be apprised of the location and approximate date of the incident. If the function of § 2675 is to be served and the notice requirement is to have any meaning whatsoever, more information must be provided than was furnished here.[8]

In reaching this conclusion, we take care to point out those facts that are relevant to our decision and those that are not. We perceive this case as involving two categories of information. The first category involves information surrounding the circumstances under which the vaccine was received, such as the date, time, location and

---

*Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975). *See also Wardsworth v. United States*, 721 F.2d 503, 505–06 (5th Cir.1983) (discussing sum certain requirement, and indicating that it could be met by merely providing the agency with facts from which it could estimate the value of the claim), *cert. denied*, —— U.S. ——, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984).

7. As late as May 2, 1983, almost five years after suit had been filed, Ms. Robinson's attorney admitted that he still was "unable to determine the exact date and location where the swine flu shot was administered to her." [Rec. 229]. In fact, on this record confusion still persists on these matters. In March of 1980, as noted earlier, Ms. Robinson's counsel asserted the location of the clinic as Vestavia, Alabama, with the administering agent being a county nurse. The complaint ultimately filed on June 29, 1983, listed the location as Jefferson County and the date as October 21, 1976. In his appeal brief, appellant cites the location as Vestavia, Alabama, and the date again as December 5, 1976. At oral argument, appellant's counsel assured the court that the location was known now to be Vestavia, the date to be October 21, 1976, and the sponsor as being a private physician.

8. We draw support from the decision in *Bush v. United States*, 703 F.2d 491 (11th Cir.1983). That case involved a FTCA suit alleging mal-

practice at a VA hospital concerning cancer surgery. The claimant filed an administrative claim generally describing the circumstances of the decedent's treatment. In the subsequent court suit, the plaintiff advanced three theories of liability: negligent performance of unnecessary surgery; negligent post-operative care; and failure to obtain informed consent. The appeals court found that although the first two theories clearly were presented in the administrative claim, the district court lacked jurisdiction over the lack of informed consent theory under § 2675. The court observed that since the claim failed to allege that the doctors did not disclose the risks involved in the medical procedures to be employed, "the V.A. was not properly apprised of its potential liability on this ground, and had no opportunity to investigate the claim." *Id.* at 495. While *Bush* is obviously factually inapposite, it nevertheless illustrates that providing an agency with general information concerning the existence of a claim may not be sufficient to provide jurisdictional notice under § 2675. Just as the failure to provide the theory of recovery in the administrative claim precluded the agency from investigating in *Bush*, the failure to provide minimal factual information in the claim form here prevented the Justice Department from investigating the appellant's claim.

sponsor of the vaccination. The second category of information involves more specific information, such as medical records of treating physicians, itemized copies of medical bills and insurance details. The *Adams* court specifically determined that the failure to provide this latter information, which may be requested pursuant to settlement regulation § 14.4(b), does not act as a jurisdictional bar to a FTCA suit under § 2675.[9] The jurisdictional bar in this case and distinguishing factor from *Adams* arises solely from the claimant's failure to provide the first category of information. The agency here simply could not be expected to commence an investigation without having been provided the date or location of the receipt of the vaccination.[10]

Finally, we note that our finding that the Form 95 provided inadequate notice does not necessarily end our inquiry. In clarifying its earlier opinion, on rehearing the *Adams* court suggested, without deciding, that an inadequate Form 95 claim could be cured by complying with an agency's request for supplemental information.[11] Even assuming that the jurisdictional deficiency of inadequate notice in this case could have been remedied, the record before us indicates that no such corrective action occurred here. In short, as of May 2, 1983, almost five years after the administrative claim was filed, Ms. Robinson's attorney informed the agency that he still did not know the date or location of receipt of the vaccine.[12]

9. The government attempts to distinguish *Adams* as a situation where the government already possessed the records it sought to have the plaintiff provide. Here, appellee contends that the plaintiff is in sole control of her medical records and that in a swine flu case, the government cannot investigate without medical records. We expressly reject this limited reading of *Adams.* Although the court there considered the fact that the Air Force had access to the information itself, *see* 615 F.2d at 292, its holding was neither tied to nor dependent upon that fact, and we see nothing to make the *Adams* reasoning inapplicable to swine flu cases.

10. We do not, and in fact probably cannot, lay down a precise rule as to what exact facts are necessary to give such notice. In some cases, the location alone may be sufficient. In other cases, a specific date and time may suffice. In the instant case, it is significant that vast numbers of swine flu clinics and programs were undertaken, and the sparse information given here relegated the government to locating the proverbial needle of a single inoculation out of a haystack of thousands of such inoculations. That task proved unsuccessful, as evidenced by the government's inability to isolate Ms. Robinson's inoculation through the Alabama Department of Public Health. [Rec. 223]. In short, it may be necessary to provide an agency with more information to enable it to investigate a swine flu vaccination claim, than, for instance, to commence an investigation of an automobile accident. Whether the notice given is sufficient to allow an agency to commence an investigation is factually dependent upon the circumstances of each case.

11. The court noted:
The present appeal does not present a case in which the notice of claim presented by the claimant in an executed Standard Form 95 was inadequate in content or detail.... We have not ... intimated an opinion as to the effect, if any, a claimant's refusal to comply with an agency's reasonable request for supplemental information to clarify an inadequate claim would have on the issue of jurisdiction in a subsequent action for damages brought pursuant to the Federal Tort Claims Act.
622 F.2d at 197.

12. At oral argument, appellant argued that the March, 1980 letter provided the location as Vestavia. Even if we were to disregard the May 2, 1983 admission to the contrary and find that the March letter established a location for receipt of the shot, *but see supra* note 7, the date of receipt of the shot would still be open. We doubt that the mere city of receipt of the shot, with no date, would be enough to allow the commencement of an investigation. *See supra* note 10.

At any rate, although the parties have not raised the issue, there is a statute of limitations problem with this argument. Under 28 U.S.C. § 2401(b), a tort claim against the federal government must be presented within two years after it accrues. The vaccine in this case was received at the latest, in December of 1976, and she was stricken "shortly thereafter." Assuming that the initial claim form was inadequate, the first attempt to supplement it by Ms. Robinson's counsel occurred via the letter dated March of 1980. The fifth circuit has held that a supplement to an inadequate claim form filed after expiration of the two-year limitations period will not "relate back" to correct the initial jurisdictional deficiency. *See Wardsworth v. United States,* 721 F.2d 503 (5th Cir.1983), *cert. denied,* — U.S. ——, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984).

We conclude that this case involves the rare instance when the filing of a Standard Form 95 claim form has not provided the appropriate federal agency with sufficient notice to commence an investigation of the circumstances giving rise to the claim. Consequently, jurisdiction over this FTCA suit does not lie with the federal courts.

AFFIRMED.