United States Court of Appeals,

Eleventh Circuit.

No. 95-2156.

ORLANDO HELICOPTER AIRWAYS; Fred P. Clark, Plaintiffs-Appellants,

v.

UNITED STATES of America, Does I Through X, Defendants-Appellees,

Richard Baylog, Defendant.

Feb. 16, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-541-CIV-ORL-19), Patricia C. Fawsett, Judge.

Before KRAVITCH and HATCHETT, Circuit Judges, and HILL, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this appeal, the appellants seek reversal of the district court's ruling that appellants failed to comply with the administrative claim requirement of the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 2671-2680 (West 1994). The court affirms the district court.

FACTS

In 1987, the United States Army (the government) awarded a fixed-price contract to Orlando Helicopter Airways, Inc. (OHA) to design and build fifteen military helicopters. In October 1989, a former OHA employee alleged fraud and deception in OHA's performance of the contract. The United States Army Missile Command (Missile Command) suspended the government's contract with OHA and launched an investigation into the allegations of fraud. After Missile Command completed its investigation, it authorized

OHA to resume performance of the contract under the condition that OHA add additional safety features to the design of the helicopters. OHA subsequently manufactured and delivered the helicopters as Missile Command specified. In addition to Missile Command's investigation, the Defense Criminal Investigation Service (DCIS) conducted a two and a half year criminal investigation into the allegations of fraud. At the conclusion of DCIS's investigation, the government determined that OHA's conduct did not warrant prosecution.

In September 1992, OHA submitted a contract readjustment claim to the contracting officer of Missile Command, pursuant to the Contract Disputes Act of 1978, 41 U.S.C.A. §§ 601-613 (West 1987), requesting the government to pay it an additional $945,310 for costs and expenses incurred as a result of the investigation.[1] On December 3, 1992, Missile Command denied OHA's claim for readjustment. On December 21, 1992, OHA sent Missile Command an amended contract readjustment claim. Missile Command also denied this claim.[2] OHA timely appealed the denial of its claim to the Armed Services Board of Contract Appeals (the Board). On March 7, 1994, the Board affirmed Missile Command's decision. OHA then appealed the Board's decision to the Court of Appeals for the Federal Circuit. The Federal Circuit affirmed the Board's denial of OHA's contract readjustment claim, holding that OHA's claim

---

[1]OHA made this request pursuant to Federal Acquisition Regulation 31.205-47. 48 C.F.R. § 31.205-47 (1994).

[2]OHA made this request pursuant to Federal Acquisition Regulations 52.243-1 and 52.243-7. 48 C.F.R. §§ 52.243-1, 52.243-7 (1994).

sounded in tort, and therefore, it did not form a basis for a contract claim.

## PROCEDURAL HISTORY

On March 12, 1994, OHA filed this lawsuit in the Middle District of Florida seeking damages under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 2671-2680 (West 1994), alleging that DCIS officers and Missile Command conducted unjustified and unprofessional investigations for the purpose of harming OHA; thereby constituting malicious prosecution and abuse of process within the meaning of 28 U.S.C. § 2680(h).  The government moved for summary judgment contending that OHA failed to meet the jurisdictional prerequisite for maintaining an action under the FTCA.  On December 30, 1994, the district court granted summary judgment in favor of the government.  The district court found that OHA failed to comply with the administrative claim requirement of the FTCA and concluded that it lacked subject matter jurisdiction over OHA's claim.  OHA now appeals the district court's grant of summary judgment.

## CONTENTIONS

OHA contends that it satisfied the jurisdictional requirements of 28 U.S.C. § 2675(a) when it sent its contract readjustment claims to Missile Command.  Specifically, OHA asserts that the readjustment claims stated a sum certain and included information sufficient to give the government notice of its intent to bring this tort claim.  In response, the government contends that OHA's claims for contract readjustment did not provide sufficient information to allow the government to investigate its tort claim

as required under 28 U.S.C. § 2675(a).

ISSUE

We address whether OHA's contract readjustment claim satisfies 28 U.S.C. § 2675(a)'s jurisdictional prerequisite for maintaining an action under the FTCA.

DISCUSSION

We review the district court's grant of summary judgment *de novo*. *Woodruff v. United States Dep't of Labor,* 954 F.2d 634, 636 (11th Cir.1992). In order to state a claim under FTCA, a plaintiff must first present notice of the claim to the appropriate federal agency. 28 U.S.C.A. § 2675(a) (West 1994). Section 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C.A. § 2675(a). Section 2675(a) is satisfied if the claimant (1) gave the appropriate agency written notice of the tort claim to enable the agency to investigate; and (2) stated a sum certain as to the value of the claim. *Free v. United States,* 885 F.2d 840, 842 (11th Cir.1989).

OHA contends that its readjustment claim satisfies the jurisdictional prerequisite of 28 U.S.C. § 2675(a). OHA, in its contract readjustment claim, requested $945,310 for costs and expenses incurred as a result of the investigations, thereby satisfying the second prong of section 2675(a)'s jurisdictional

requirement. We, therefore, need only address whether OHA gave Missile Command sufficient information to enable the government to investigate OHA's tort claim.

In this case, OHA submitted its readjustment claim to Missile Command, a division of the Department of the Army—the appropriate governmental agency. Although OHA identified its readjustment claim as a contract claim submitted pursuant to the Contract Disputes Act, and not a tort claim, such labeling is not dispositive. Section 2675(a) does not require that the claimant use the word "tort" in the notice. In fact, Congress did not include the word "tort" in section 2675(a)'s language. *See* 28 U.S.C. § 2675(a). Rather, section 2675(a) requires that the claimant's notice provide sufficient information to enable the government to investigate the tort claim. *See Tidd v. United States,* 786 F.2d 1565, 1568 (11th Cir.1986) (tort claim form failed to provide government with sufficient evidence to investigate); *Bush v. United States,* 703 F.2d 491, 495 (11th Cir.1983) (notice insufficient to support alternative theory of tort liability where claimant fails to appraise government of alternative grounds to enable it to investigate its potential liability).

In *Tidd,* for example, the claimant filed a Standard Form 95 Claim for Damage, Injury or Death with the Department of Health, Education and Welfare alleging that she sustained personal injuries in the amount of $850,000 as a result of swine flu vaccination. The claimant, however, incorrectly identified the date and location of the vaccine inoculation on the form. The *Tidd* court held that plaintiff's tort claim failed to satisfy the jurisdictional

requirements of section 2675(a) stating that:

> What we essentially are faced with here is a Form 95 that provided only the name of the claimant and the general nature of her alleged injury, nothing more. While we recognize the requisite jurisdictional notice under § 2675 as "minimal," the purpose of that notice is to "promptly inform the relevant agency of the circumstances of the accident so that it may investigate the claim and respond either by settlement or defense."

*Tidd,* 786 F.2d at 1568 (quoting *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.), *clarified on reh'g,* 622 F.2d 197 (1980)). Similarly, OHA's readjustment claims must provide the government with sufficient information to investigate its tort claim.

OHA in its complaint alleges that government officials' investigation into OHA's performance of the government contract constituted malicious prosecution and abuse of process. OHA contends that its readjustment claims gave the government sufficient notice of its tort claim. In response, the government argues that neither OHA's September 15 nor December 21 readjustment claim gave it notice of OHA's tort claim.[3] OHA's September 15 contract readjustment claim states in pertinent part:

> On 27 Oct 89, an alleged "Whistle Blower" presented false information as to the quality of the helicopters, and subsequently turned this information over to the Orlando Office of the Department of Defense Criminal Investigation Service. This information precipitated a long, bitter and costly investigation. On 12 May 92, Orlando Helicopter Airways Inc. received official notice that the investigation had been closed, and that there would be no indictment or prosecution of the Company. On 27 July 92, records seized during the investigation were returned to Orlando Helicopter Airways. Various other activities associated with the investigation have continued through August of 1992. We, therefore, are making formal claim for costs and expenses as

---

[3]In the alternative, the government argues that 28 U.S.C.A. § 2680(a) (West 1994) bars claims based on malicious prosecution. Because the district court did not rely on section 2680(a) in granting summary judgment, we do not address this argument.

related to this investigation dating from 27 Oct 89 through Aug 92.

OHA in its amended readjustment claim dated December 21, 1992, stated in pertinent part:

the Government effected a *change* in our Fixed Price contract terms when they initiated and perpetuated an investigation by the Defense Criminal Investigation Service which lasted some 21/2 years. Costs and expenses involved in said investigation could not have been forecasted at the beginning of the Fixed Price contract, nor could they have been finalized until the investigation was officially closed and costs were no longer being incurred.... Orlando Helicopter Airways has been essentially put out of business as an operating company.... [T]his is the direct result of an unwarranted DCIS investigation and its consequences.

We find that OHA's readjustment claims fail to give the government sufficient information to investigate alleged misconduct on the part of government officials. Although, OHA complains in its readjustment claims that "an alleged "Whistle Blower' presented false information as to the quality of the helicopters," that this information "precipitated a long, bitter and costly investigation," and that the DCIS's investigation was "unwarranted," this language only indicates misconduct on the part of the whistleblower. Because the language included in OHA's readjustment claims cannot reasonably be interpreted as providing the government with adequate notice of OHA's malicious prosecution and abuse of process claims, we hold that OHA failed to satisfy the jurisdictional prerequisite of 28 U.S.C. § 2675(a).

CONCLUSION

We conclude that the district court lacks subject matter jurisdiction over OHA's FTCA claim. Accordingly, the district court's decision granting summary judgment in favor of the government is

AFFIRMED.