[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12292
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00112-MTT


EDWARD LAMAR BLOODWORTH,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 11, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Lamar Bloodworth, proceeding *pro se* and *in forma pauperis*,

appeals from the district court's denial of his motions for leave to amend his complaint, its denial of his motion to compel, and its grant of summary judgment to the United States in his *pro se* civil action brought under the Federal Tort Claims Act ("FTCA"). First, Bloodworth argues that the Federal Protective Service ("FPS") violated the Administrative Procedures Act ("APA") and his due process rights by not providing him sufficient space in Standard Form 95 to adequately explain his claim. Second, he claims that the district court abused its discretion by denying his motions for leave to amend his complaint on the ground that the proposed amendments were futile. Third, he contends that the district court abused its discretion in denying his motion to compel. Finally, he argues that the district court erred by granting the United States summary judgment.

## I.

Normally, we review final agency actions under an arbitrary and capricious standard of review. *See Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996). We review questions of constitutional law *de novo*. *Kentner v. City of Sanibel*, 750 F.3d 1274, 1278 (11th Cir. 2014), *cert. denied*, 135 S.Ct. 950 (2015). However, we generally will not consider an issue raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). We are especially unlikely to consider a claim that is highly dependent on the factual circumstances. *See id.* at 1331-32. We may consider an issue raised for

the first time on appeal if: (1) it is a pure question of law; (2) the appellant had no opportunity to raise his claim before the district court; (3) substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or great public concern. *Id.* at 1332.

Bloodworth did not raise his claims that FPS's use of Standard Form 95 violated his due process rights or the APA to the district court in his complaint, his motions to amend the complaint, or his proposed amended complaint. These claims present none of the circumstances warranting review of a claim asserted for the first time on appeal. Therefore, we decline to consider these claims for the first time on appeal.

## II.

We review the denial of a motion to amend a complaint for an abuse of discretion. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007).

A party may amend his pleading as a matter of course within 21 days of service of the pleading or 21 days after service of a responsive pleading or motion to dismiss under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend the pleading with the opposing party's written consent or leave from the court. Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely granted when justice so requires. *Id.* A district court may

decline leave to amend a complaint on the basis of futility when the complaint is subject to dismissal as amended. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). A district court may also decline leave to amend a complaint on the basis of futility if the newly-asserted claims would be barred by the applicable statute of limitations. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

To survive a motion to dismiss, a complaint must contain sufficient allegations of facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). A pleading does not meet this standard if it only recites the elements of a cause of action. *Id.* In a *Bivens*[1] suit, a plaintiff must plead that each individual defendant committed a constitutional violation through his own individual actions. *Id.* at 676, 129 S.Ct. at 1948.

Federal law prohibits a conspiracy to deter a party or witness from attending a "court of the United States." 42 U.S.C. § 1985(2). The phrase "court of the United States" refers to Article III courts and the courts specified in 28 U.S.C. § 451. *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1035 n.2 (11th Cir. 2000) (*en banc*); *see also* 28 U.S.C. § 451 (deeming the Court of International Trade and certain courts created by Congress as courts of the United States). Federal law also provides a cause of action against a person who neglectfully or

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

intentionally fails to prevent a violation of § 1985 if he has the power to prevent such a violation.  42 U.S.C. § 1986.

In *Bivens* actions, we apply the statute of limitations for personal injury actions from the state in which the claim was brought.  *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996).  For *Bivens* actions brought in Georgia, the statute of limitations is two years.  *Id.*; *see also* O.C.G.A. § 9-3-33.  When an amended pleading changes the name of a party against whom a claim is brought, it may relate back to the date of the original pleading if (1) the basic claim arises from the conduct, transaction, or occurrence set forth in the original pleading; (2) the party who is brought into the suit received notice of the action such that it will not be prejudiced in defending the action on the merits; (3) the party who is brought in knew or should have known that the action would have been brought against it, but for a mistake concerning its identity; and (4) the second and third requirements for relation back were fulfilled within the 120-day period for service of process.  *See* Fed. R. Civ. P. 15(c)(1)(C); *see also Hill v. U.S. Postal Serv.*, 961 F.2d 153, 155 (11th Cir. 1992).  A plaintiff's amendment to identify parties previously designated as "John Doe" defendants in the complaint does not relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15 because the amendment is made to correct the plaintiff's lack of knowledge about whom to sue, not a mistake by the defendant in identifying the proper party.  *Wayne v.*

*Jarvis*, 197 F.3d 1098, 1103-04 (11th Cir. 1999), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).

The district court correctly concluded that Bloodworth's claims of a civil conspiracy, due process violations, and equal protection violations were subject to dismissal for failure to state a claim. The constitutional claims against the proposed individual defendants failed to state what actions each individual defendant took to violate Bloodworth's constitutional rights, and thus, failed to state a *Bivens* claim. *Ashcroft*, 556 U.S. at 676, 129 S.Ct. at 1948. Bloodworth failed to state a civil conspiracy claim under 42 U.S.C. § 1985 or § 1986 because he allegedly was denied entry to an immigration court, which is not a court of the United States. *See McAndrew*, 206 F.3d at 1035 n.2. The district court correctly determined that the claims arising from actions in May 2011 and June 2011 were filed outside of the two-year statute of limitations and did not relate back to the original complaint because Bloodworth attempted to add parties to replace those designated as "John Doe" defendants in the original complaint, which was not a mistake concerning the identity of the proper party. *Wayne*, 197 F.3d at 1103-04. Therefore, the district court did not abuse its discretion by denying Bloodworth leave to amend his complaint.

### III.

We review the denial of a motion to compel discovery for an abuse of

discretion.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006).  We will not overturn the denial of a motion to compel unless the district court committed a clear error of judgment.  *Id.*

A party may file a motion to compel against another party who fails to permit inspection of documents within its possession, control, or custody.  *See* Fed. R. Civ. P. 34(a)(1), 37(a)(3)(B)(iv).  A party does not have authority to compel the production of documents outside the possession, control, or custody of a party to the case through a motion to compel under Rule 37.  *See* Fed. R. Civ. P. 37(a)(3) (permitting a motion to compel a disclosure or a discovery response under Fed. R. Civ. P. 26(a), 30, 31, 33, or 34, but not permitting a motion to compel discovery under Fed. R. Civ. P. 45).

The district court instructed the Government to file a privilege log when Bloodworth complained that it had redacted some information from a document.  It correctly concluded that Bloodworth could not compel the Government to produce an FBI report because the report was not in the Government's possession and was held by an agency who was not a party to the case.  Bloodworth identified no other information or material that he wanted the court to compel from the Government. Therefore, the district court did not abuse its discretion by denying Bloodworth's motion to compel.

IV.

We review the grant of a motion for summary judgment *de novo*, applying the same legal standard as the district court. *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641 (11th Cir. 1998). We view the evidence in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000 (1994). Constitutional tort claims are not cognizable under the FTCA because a private person would not be liable for such conduct under state law, and thus, the United States has not waived its sovereign immunity for such claims through the FTCA. *Id.* at 477-78, 114 S.Ct. at 1001. Further, the United States is not liable for monetary damages caused by an employee's negligent or wrongful act unless the claimant presents the claim to the proper agency in writing. 28 U.S.C. § 2675(a). A proper notice to the agency must give the agency sufficient written notice of the claim for the agency to investigate and provide a sum certain value for the claim. *Tidd v. United States*, 786 F.2d 1565, 1567 (11th Cir. 1986). A claim does not provide sufficient notice of the facts leading to the complaint

8

when it only provides the name of the claimant and a general statement about the nature of his injuries.  *Id.* at 1568.

The district court correctly concluded that Bloodworth's constitutional claims could not be brought against the United States because the FTCA did not waive the United States's sovereign immunity for those claims.  *Meyer*, 510 U.S. at 477-78; 114 S.Ct. at 1001.  Bloodworth's state law tort claims could not be brought against the United States because his administrative claim provided no notice to FPS of those claims, as the claim only stated that Bloodworth suffered harm from constitutional violations and alleged no tort committed against him by federal employees.  Therefore, the district court did not err by granting the United States summary judgment.

**AFFIRMED.**